IN THE UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODGER JENNINGS**<br><br>Plaintiff,<br><br>v.<br><br>**COLLECTO INC., d/b/a EOS CCA**<br><br>Defendant.<br><br>Serve at:<br>CT Corporation<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 | Cause No. 3:14-CV-00869-DRH-DGW<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW, Plaintiff, and for his Complaint states as follows:

## INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION

2. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d).

## PARTIES

3. Plaintiff is a natural person currently residing in Bethalto, Illinois. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

4. Defendant is a Massachusetts corporation with its principal place of business located in Norwell, Massachusetts. The principal business purpose of Defendant is the

1

collection of debts in Illinois and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants are "debt collectors" as defined by the FDCPA. *15 USC 1692a (6)*.

**FACTS**

6. On or about October 23, 2013, Defendant sent Plaintiff a collection letter for a debt owed to an original creditor, AT&T.

7. The debt at issue had been purchased by US Asset Management.

8. According to the Defendant's website, US Asset Management is a subsidiary of Collecto Inc, d/b/a EOS CCA, collecting over $1billion in receivables.

9. In that collection letter, Defendant states Plaintiff owes a collection fee of $175.37 in addition to the debt owed to AT&T. Defendant also states there is interest accrued in the amount of $111.55.

10. The October 23rd letter also that the Defendant "may report information about your account to the credit bureaus." This statement was made to intimidate consumers into paying the debt.

11. In the alternative, the statement regarding credit reporting was illegal because of the age of the debt.

12. The debt at issue was for cellular telephone services that were accrued more than seven years ago.

13. Upon information and belief, the debt at issue is beyond the statute of limitations for any legal proceeding to collect the debt.

14. Nowhere in the October 23rd letter does the Defendant inform the Plaintiff that the statute of limitations has expired or that Plaintiff will not be sued for the debt.

15. On June 20, 2014, Defendant sent another letter entitled, "Settlement Offer."

16. In this letter, Defendant states the payment must be made no later than July 20, 2014.

17. The letter also states that "[w]e are not obligated to renew this offer.

18. Both letters taken together and without providing notice to the consumer that the debt is time barred are misleading and caused Plaintiff to believe that he could be sued for collection of this debt.

19. To the best of his knowledge, Plaintiff is not aware of any contractual provision that would give rise to a collection fee being sought by Defendant.

20. To the best of his knowledge, Plaintiff is not aware of any contractual provision that would give rise to interest charges being sought by Defendant.

21. Defendant's conduct has caused anxiety, stress and worry to Plaintiff.

## **VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT**

22. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

23. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

a. Attempting to collect a collection fees and charges that Defendant is not authorized to collect. 15 U.S.C. § 1692f(1);

b. Engaging in conduct the natural consequence of which was to harass, oppress or abuse Plaintiff. 15 U.S.C. § 1692d.

c. Using false, deceptive, or misleading representation or means in connection with the debt collection. 15 U.S.C. § 1692e and e(10).

d. Collection of an amount not authorized by law or by the agreement with Plaintiff's original creditor. 15 USC 1692f.

e. Providing a communication that gives false impression about the character, amount or legal status of the debt. 15 U.S.C. § 1692e(2).

f.  Threatening to take action that cannot legally be taken. 15 U.S.C. § 1692e(5).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Release of the alleged debt;

D. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

E. For such other relief as the Court may deem just and proper.

**THE EASON LAW FIRM, LLC**

s/ James W. Eason

**JAMES W. EASON, #6281329**
**The Eason Law Firm, LLC**
**124 Gay Avenue, Suite 200**
**St. Louis, Missouri 63105**
**Phone: (314) 932-1066**
**Fax:    (314) 667-3161**
**Email: james.w.eason@gmail.com**